IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CONNIE HENRY                                                                                       PLAINTIFF

vs.                                               Civil No. 1:24-cv-01077

FRANK BISIGNANO,                                                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Connie Henry ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.   **Background:**

Plaintiff filed her disability application on July 31, 2020. (Tr. 16).[1] In her application, Plaintiff alleges being disabled due to neck, back and arm pain, high blood pressure, headaches, body pain, anxiety, depression, and carpal tunnel. (Tr. 209). Plaintiff alleged an onset date of

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 9. These references are to the page number of the transcript itself not the ECF page number.

March 24, 2017. (Tr. 16). Plaintiff's application was denied initially and again upon reconsideration. *Id.*

Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted. (Tr. 136-181). This hearing was held on September 5, 2023. (Tr. 32-58). At this hearing, Plaintiff was present and represented by Randolph Baltz. *Id.* Plaintiff and Vocational Expert ("VE"), Alissa Smith testified at the hearing. *Id.*

Following the administrative hearing, on November 22, 2023, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 16-26). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 31, 2020. (Tr. 18, Finding 1). The ALJ then determined Plaintiff had the severe impairment of degenerative changes in her cervical spine and left knee, obesity, depression, anxiety, somatic disorder, and headaches. (Tr. 19, Finding 2). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19, Finding 3).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 21, Finding 4). Specifically, the ALJ found Plaintiff retained the RFC to perform light work with restrictions that include to lift and/or carry 10 pounds frequently and 20 pounds occasionally; stand and/or walk 6 hours in an 8-hour workday; sit 6 hours in an 8-hour workday; occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; frequently reach, handle, finger, and feel; perform only simple, repetitive work; and make only simple work-related decisions. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 24, Finding 5). The ALJ determined Plaintiff was not capable of performing any PRW. *Id.* However, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform. (Tr. 25, Finding 9). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) price marker with approximately 130,000 jobs in the nation, (2) mail room clerk with approximately 18,000 jobs in the nation, and (3) routing clerk with approximately 30,000 jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been disabled under the Act since July 31, 2020. (Tr. 26, Finding 10).

Plaintiff then requested the Appeal's Council's review of this unfavorable decision. (Tr. 1-6). The Appeals Council denied this request on September 13, 2024. *Id.* Thereafter, on November 4, 2024, Plaintiff appealed his administrative case to this Court. ECF No. 1. The Parties have consented to the jurisdiction of this Court. ECF No. 7. Both Parties have filed their appeal briefs, and this matter is now ripe for consideration. ECF Nos. 10, 12.

**2.      Applicable Law:**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is

possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only

considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record. ECF No. 10. In making this claim, Plaintiff argues the ALJ erred (1) in failing to properly evaluate Plaintiff's medical opinion evidence, and (2) in the RFC determintation. *Id.* In response, Defendant argues the ALJ did not err in any of his findings. ECF No. 12.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial

evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **29th day of September 2025.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE